Erik S. Syverson (SBN 221933)
PICK & BOYDSTON, LLP
617 South Olive Street, Suite 400
Los Angeles, CA 90014
Phone: 213-624-1996
Fax: 213-624-9073

Attorneys for Plaintiff
HOLOMAXX TECHNOLOGIES CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HOLOMAXX TECHNOLOGIES CORPORATION, a Pennsylvania S Corporation, <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORPORATION, a Delaware corporation, and RETURN PATH, INC., a Delaware corporation, <br><br> Defendants. | Case No. C 10-04924-JF <br><br> **OPPOSITION TO MICROSOFT CORPORATION'S REQUEST FOR JUDICIAL NOTICE** <br><br> Date: February 25, 2011 <br> Time: 9:00 a.m. <br> Judge: Hon. Jeremy Fogel <br> Court: Courtroom 3, 5th Floor |

## I. INTRODUCTION

Microsoft has inappropriately requested that the Court take judicial notice of an exhibit to the Declaration of Brooke Roundy (the "Exhibit"). MTD 13:26 n.3. The Court must deny Microsoft's request for the following reasons: (i) Holomaxx did not reference the Exhibit in the Complaint, and consent is not a core issue; (ii) the Exhibit is not properly authenticated, and Holomaxx disputes that the Exhibit is authentic; (iii) the Exhibit does not "prove" consent; and (iv) noticing the Exhibit would raise factual issues, including issues of contract formation and interpretation, that are inappropriate for decision on a Rule 12(b)(6) motion.

Microsoft alleges that the Exhibit represents its terms of service for Hotmail services, and argues that the Exhibit is subject to judicial notice because: (i) Holomaxx referenced Microsoft's terms of service in the Complaint; and (ii) the Exhibit's authenticity is not in dispute. Because Holomaxx does not even mention any terms of service in its Complaint, Microsoft's argument is based on the tenuous premise that Holomaxx "referenced" the terms of service merely by alleging that Microsoft scanned its electronic communications without consent, and the Exhibit also contains a provision concerning consent. *Id.* (*citing* Compl. ¶ 41).

## II. ARGUMENT

### A. The Standard

In ruling on a Rule 12(b)(6) motion, the court may take judicial notice of materials outside of the complaint. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (taking notice of motion to dismiss and supporting memorandum filed in another action). However, judicial notice should be used "sparingly" in the early stages of litigation: "Only in the clearest of cases should a district court reach outside the pleadings for facts necessary to resolve a case at that point." *Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3rd Cir. 2007) (trial court erred in noticing website to establish facts about plaintiff's business).

"Because the effect of judicial notice is to deprive a party of an opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence," courts must use caution in determining that a fact is not subject to reasonable dispute. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1151 (9th Cir. 2005); *accord Ferrington v. McAfee, Inc.*, 2010 U.S. Dist. Lexis 106600, *8

(N.D. Cal. 2010) (denying notice of screen shots even where defendant represented that there had been no material changes to the web pages since plaintiff's purchase; denying notice of license agreements and privacy policy because defendant provided no source for the documents) (quoting *Rivera*). Furthermore, the party requesting judicial notice has the burden of proving the matter is not reasonably disputable. *See Hardy v. Johns-Manville Sales Corp.*, 681 F.2d 334, 347-348 (5th Cir. 1982) (trial court erred in taking notice that asbestos causes cancer).

Thus, to qualify for judicial notice on a 12(b)(6) motion, a document must satisfy a two-part test: Specifically (and as acknowledged by Microsoft), judicial notice is permitted only for "[(i)] documents whose contents are alleged in a complaint *and* [(ii)] whose authenticity no party questions". *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002). The Exhibit fails both parts of this test, and the Court must therefore deny Microsoft's request for judicial notice.

### B. The Court must deny notice because Holomaxx did not reference the Exhibit in the Complaint.

The Court must deny notice because Holomaxx did not even reference the Exhibit in the Complaint. Consent in civil Electronic Communications Privacy Act ("ECPA")[1] actions is an affirmative defense, *Pharmatrak*, 329 F.3d 9, 19 (1st Cir. 2003), and is therefore insufficient to warrant judicial notice on a motion to dismiss. *Bailey v. Household Finance Corp.*, 2010 U.S. Dist. Lexis 117866, *8 (S.D. Cal. 2010) (denying notice of purported cardmember agreement to prove consent in a California Penal Code Section 632 action, where (i) the agreement was not referred to in the Complaint, and (ii) plaintiff questioned its authenticity); *cf. Gallagher v. San Diego Unified Port Dist.*, 2009 U.S. Dist. Lexis 9277, *15-16 n.8 (S.D. Cal. 2009) (denying notice of settlement agreement in an accessibility matter, where "the settlement agreement is not mentioned in the complaint and is not a public record"). As in *Bailey* and *Gallagher*, Holomaxx did not even mention the Exhibit in the Complaint; as in *Bailey*, the issue of consent is insufficient to warrant judicial notice in an ECPA action. Microsoft's request therefore must be denied.

---

[1] The ECPA includes both the Wiretap Act and the Stored Communications Act.

Microsoft's authorities are inapposite. *Branch v. Tunnell*, 14 F.3d at 453 (complaint for Fourth Amendment claims attached allegedly misleading warrant affidavit, and referenced a deposition that allegedly contradicted statements therein; plaintiff did not dispute authenticity of deposition transcript, and court granted notice); *In re Stac,* 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (stockholders filed securities claims against underwriters, based on alleged misrepresentations or omissions in prospectus and registration statement, which were *quoted* in the complaint; plaintiff did not question authenticity of publicly-filed securities documents, and court granted notice). Neither *Branch* nor *Stac* involved wiretap claims, or even consent. More importantly, here, unlike *Branch* and *Stac*, the complaint does not explicitly reference (or quote) the Exhibit. Finally, the Exhibit is also neither certified nor a public record, it is not properly authenticated, and (as set forth below, their authenticity is reasonably in dispute.

**B. The Exhibit does not bear the indicia of authenticity, and its authenticity is therefore reasonably in dispute.**

With respect to authenticity, it is indicative only of Microsoft's hubris that it assume its Exhibit cannot be questioned, based solely on the bare-bones December 17, 2010 declaration of Brooke Roundy (who represents that she is a paralegal with counsel for Microsoft). Roundy Declaration ¶ 2. Ms. Roundy's declaration consists entirely of: (i) a purported link to the Exhibit (which Ms. Roundy calls the "Microsoft Service Agreement"); and (ii) an allegation that the attached copy "accurately reflects the website as [Ms. Roundy] viewed it through [her] web browser." Roundy Declaration ¶ 2. Microsoft provides no legal authority in support of its position that this Court can notice a non-public document purportedly obtained from a non-public website.

In fact, information obtained from the Internet is frequently regarded as "inherently untrustworthy." *St. Clair v. Johnny's Oyster & Shrimp, Inc.,* 76 F.Supp.2d 773, 774-775 (S.D. Tex. 1999). As stated by the Court in *St. Clair:*

> Anyone can put anything on the Internet. No web-site is monitored for accuracy and *nothing* contained therein is under oath or even subject to independent verification absent underlying documentation. Moreover, the Court holds no illusions that hackers can adulterate the content on *any* web-site from *any* location at *any* time. For these reasons, any evidence procured off the Internet is adequate for almost nothing, even under the most liberal interpretation of the hearsay exception rules found in [FRCP Rule] 807.

(Emphasis in original.) Evidence procured from the Internet must therefore be properly

3

OPPOSITION TO MICROSOFT'S
REQUEST FOR JUDICIAL NOTICE

authenticated; it is not even sufficient to state that proffered evidence came from an official government website. *Id.* (ownership of boat could not be established through information available on U.S. Coast Guard's online vessel database). What is true for government websites holds even more true for private corporations, like Microsoft's: "[P]rivate corporate websites . . . generally are not the sorts of 'sources whose accuracy cannot reasonably be questioned,'" that Fed. R. Evid. 201(b) contemplates. *Victaulic Co. v. Tieman,* 499 F.3d at 236-37.

Moreover, websites are not self-authenticating pursuant to FRE Rule 902; such "evidence" must instead be authenticated pursuant to FRE Rule 901(a) before it can be noticed. *See Victaulic,* 499 F.3d at 236 (court would not assume that company owns webpage "merely because its trade name appears in the uniform resource locator"); *see also In re Homestore.com,* 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004) (printouts of website were improperly authenticated, and therefore inadmissible: "To be authenticated, some statement or affidavit from someone with knowledge is required; for example, . . . web master or someone else with personal knowledge") *and Wady v. Provident Life & Accident Ins. Co. of Am.,* 216 F. Supp. 2d 1060, 1064-65 (C.D. Cal. 2002) (exhibits allegedly taken from defendant's website were inadmissible where declarant had no personal knowledge of who maintains website, who authored documents, or the accuracy of their contents).[2]

As in *In re Homestore*, Ms. Roundy is not Microsoft's webmaster; as in *Wady*, she does not declare any personal knowledge of who maintains Microsoft's website, who authored the Exhibit, or the accuracy of its contents. Roundy Decl. Because the Exhibit is from Microsoft's website, and has not been properly authenticated, it is inherently unreliable. Holomaxx therefore reasonably

---

[2] The Court may notice information that happens to appear on the internet, if there are other indicia of reliability – *e.g.*, if (unlike here) the information appears on the website *of the party against whom it is offered. See, e.g., Pollstar v. Gigmania, Ltd.,* 170 F. Supp. 2d 974, 976, 978 & n.2 (E.D. Cal. 2000) (granting *defendant's* request to notice *plaintiff's* website "for the limited purpose of evaluating the online license agreement," where plaintiff had alleged the agreement in its breach of license action); *O'Toole v. Northrop Grumman Corp.,* 499 F.3d 1218, 1225 (10th Cir. 2007) (granting *plaintiff's* request for notice of historical fund earnings in review of post-trial damages award, because the information appeared on the *defendant's* website). Here, unlike *Pollstar* and *O'Toole*, the Exhibit purportedly appears on Microsoft's *own website*. The Exhibit does not bear any indicia of reliability, and the request therefore must be denied.

disputes the Exhibit's authenticity, and pursuant to *Rivera, Ferrington,* and *Hardy,* it is therefore inadmissible on judicial notice.

### C. Even if the Exhibit met the two-part test for judicial notice, Holomaxx's the Exhibit does not "prove" consent.

Among other things, the Exhibit is defective in that: (i) Microsoft does not allege that the Exhibit was effective on or before date of the conduct alleged in the Complaint; and (ii) Microsoft alleges only that the Exhibit is "for the use of Hotmail.com services," although the Complaint alleges that Microsoft has also blocked Holomaxx's email to its users at msn.com and live.com. Roundy Decl. ¶ 2. The Exhibit therefore does not "prove" consent. The Exhibit also fails to prove consent for all of the reasons set forth in Section D, below.

### D. Even if the Exhibit met the two-part test for judicial notice, it raises factual issues that are inappropriate on a Rule 12(b)(6) motion.

Assuming *arguendo* that (i) Holomaxx had alleged the contents of Microsoft's terms of service in its complaint, and (ii) the Exhibit's authenticity were not reasonably in dispute, the Exhibit raises factual issues that are inappropriate for consideration on a motion under Rule 12(b)(6). *Dorr v. Yahoo! Inc.*, 2007 U.S. Dist. Lexis 59126, *5 (N.D. Cal. 2007). Specifically, Microsoft presents the Exhibit to prove that its users consented to have their confidential communications accessed, read, and disclosed by Microsoft. However, to the extent that the Exhibit purports to represent a contract between Microsoft and its users, it is subject to factual arguments including, *e.g.*, formation and interpretation.[3]

Courts have rejected online "clickwrap agreements" that purport to hold free software users to terms that they never actually saw or agreed to.[4] *E.g., Specht v. Netscape Comms. Corp.*, 306 F.3d 17, 28 (2nd Cir. 2002) (downloading free software did not constitute acceptance of license terms, where plaintiffs testified that they never saw the purported license agreement). "Reasonably

---

[3] As set forth herein, such factual questions are inappropriate on a Rule 12(b)(6) motion. If the Court were to grant Microsoft's Request for Judicial Notice, Holomaxx seeks leave to present evidence regarding formation and interpretation of the purported terms of service.

[4] *Cf.* FCC 10-201 at 21-22 (citing with disapproval broadband terms of service that reserve sweeping rights to block traffic).

1 | conspicuous notice of the existence of contract terms and unambiguous manifestation of assent to
2 | those terms by consumers are essential if electronic bargaining is to have integrity and credibility."
3 | *Id. See also Pollstar v. Gigmania, Ltd.*, 170 F. Supp. 2d 974, 981-82 (E.D. Cal. 2000) (expressing
4 | concern that *plaintiff's* notice of license terms had appeared in small, gray text on a gray
5 | background on a linked webpage, but concluding that it was too early in the case to order
6 | dismissal). As in *Specht* and *Pollstar,* Microsoft argues that Hotmail users are bound by its online
7 | terms of service; however, Microsoft provides no evidence at all that its users affirmatively assent
8 | to the Exhibit, or that they even *see* the Exhibit before opening a Microsoft account – and indeed,
9 | such evidence would raise factual issues that are inappropriate on a motion to dismiss. *Dorr v.*
10 | *Yahoo! Inc.*, 2007 U.S. Dist. Lexis 59126, *5 (N.D. Cal. 2007) (plaintiff alleged several documents
11 | as part of the contractual relationship; court found that "while Defendant may ultimately be able to
12 | prove that these additional written documents did not constitute part of the contractual relationship
13 | between Plaintiff and Defendant, it is improper to resolve this disputed factual issue at the *Rule*
14 | *12(b)(6)* stage"); *see Pollstar*, 170 F. Supp. 2d at 982 (declining to resolve validity of agreement
15 | "at this time").

16 | In addition to formation issues, the Exhibit also contains terms that are ambiguous; to the extent
17 | that the Exhibit represents a contract, interpretation of these terms is a question of fact. *Cachil*
18 | *Dehe Band of Wintun Indians v. California*, 618 F.3d 1066, 1079 (9th Cir. Cal. 2010). Among
19 | other things, the Exhibit purportedly states that: (i) "[Microsoft] may access or disclose information
20 | about you, including the content of your communications," (ii) in order to . . . protect the rights or
21 | property of Microsoft or our customers." With respect to (i), it is not clear whether "your
22 | communications" includes emails that users receive, or only emails that they send; with respect to
23 | (ii), it is not clear what constitutes "rights or property." Introduction of the Exhibit to "prove"
24 | consent would therefore raise questions of fact, which are not appropriate on a 12(b)(6) motion.
25 | ///
26 | ///
27 | ///
28 | ///

### III. CONCLUSION

As set forth above, the Court should deny the Request for Judicial Notice.

DATE: __1-28__, 2011     PICK & BOYDSTON, LLP

By: _____
Erik S. Syverson
Attorneys for Plaintiff Holomaxx Technologies
Corporation, a Pennsylvania S Corporation