\*\*E-Filed 8/23/2011\*\*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HOLOMAXX TECHNOLOGIES CORPORATION, a Pennsylvania S Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, a Delaware Corporation,<br><br>Defendant. | Case No. 10-cv-04924 JF (HRL)<br><br>ORDER[1] GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND<br><br>[Re: Docket No. 34] |

Defendant Microsoft Corporation ("Microsoft") moves pursuant to Fed. R. of Civ. Pro. 12(b)(6) to dismiss the First Amended Complaint ("FAC") of Plaintiff Holomaxx Technologies Corporation ("Holomaxx"). The Court has considered the moving and responding papers and the oral arguments of counsel presented at the hearing on July 15, 2011. For the reasons discussed below, the motion will be granted, without leave to amend.

---

[1] This disposition is not designated for publication in the official reports.

## I. BACKGROUND

Holomaxx is an e-commerce business development company that contracts with commercial clients to provide a fully-managed email market service. FAC ¶ 17. It sends marketing emails on behalf on its clients and is paid based on the quantity of emails it delivers. FAC ¶ 18. It requires that its clients comply with the Controlling the Assault of Non-Solicited Pornography and Marketing ("CAN-SPAM") Act when acquiring their lists of customers who have elected to receive emails. FAC ¶ 20. Holomaxx alleges that it limits the emails it sends to avoid harassing customers. FAC ¶ 23.

Microsoft runs SmartScreen, a program that identifies incoming spam email. FAC ¶¶ 23-30. On November 20, 2009, Microsoft began blocking, rerouting, and throttling Holomaxx's emails. FAC ¶ 38. Although it delivered Holomaxx's emails in April 2010, after Holomaxx threatened to file suit, Microsoft thereafter resumed blocking the emails. *Id.* In August 2010, Microsoft placed a permanent block on Holomaxx's IP Address. FAC ¶ 40.

Holomaxx filed this action on October 29, 2010. By order dated March 11, 2011, this Court dismissed Holomaxx's original complaint. It concluded that Holomaxx had not alleged facts sufficient to show that Microsoft did not act in good faith when it blocked Holomaxx's emails. Order at 8. Rather, the alleged facts supported a conclusion that Microsoft acted in good faith, as it reasonably could be inferred that Holomaxx's emails were "harassing" and "otherwise objectionable." Order at 7. The Court also pointed out that Holomaxx had not explained how Microsoft "intercepted" its communications or "used and disclosed" the contents of those communications; what facility or communication was accessed and by whom; or how the alleged access exceeded a particular authorization. Order at 10-11. Holomaxx filed its FAC on April 8, 2011.

## II. LEGAL STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Only where the complaint lacks a "cognizable legal theory or sufficient facts to support a cognizable legal theory" is 12(b)(6) dismissal appropriate. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint

may be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim has "facial plausibility" when enough facts are pled to allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 556. Allegations of material fact must be taken as true and construed in the light most favorable to the nonmoving party. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). A court need not accept as true conclusory allegations, unreasonable inferences, legal characterizations, or unwarranted deductions of fact. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994).

### III. DISCUSSION

**A. Communications Decency Act**

Microsoft contends that the Communications Decency Act ("CDA") bars Holomaxx's claims for computer fraud, intentional interference with contract, intentional interference with prospective business advantage, wiretapping/eavesdropping, and violation of Cal. Bus. & Prof. Code § 17200 because the "Good Samaritan" provision immunizes interactive computer service providers from liability for filtering activities. Mot. to Dismiss at 6. Microsoft asserts that the facts alleged in the FAC still are insufficient to show Microsoft did not act in subjective good faith when it determined that Holomaxx's emails were harassing and objectionable. Mot. to Dismiss at 9.

Holomaxx contends that Microsoft is not immune under the CDA because Holomaxx's emails do not qualify as "harassing" or "objectionable." It claims that in light of industry standards, the quantity of "unwanted" emails it sends is too small to be considered "harassing." It also argues that Microsoft itself acknowledged that the emails were not harassing because Microsoft temporarily stopped blocking the emails in April 2010, in recognition that the emails were not spam.

Holomaxx alleges that under these circumstances, Microsoft acted in the "absence of good faith" when it blocked the emails. It contends that Microsoft's SmartScreen filtering system was faulty because it blocked some of Holomaxx's legitimate emails and allowed other

3

1  emails to be delivered.  Holomaxx also alleges that Microsoft specifically targeted Holomaxx's
2  emails in June 2010 when Microsoft reprogrammed SmartScreen for that express purpose, and
3  that Microsoft has a strong self-serving, anti-competitive interest in blocking Holomaxx's emails.
4         Section 230(c)(2)(A) of the CDA grants immunity to interactI've computer service
5  providers that act in good faith to "restrict access to or availability of material that the provider or
6  user considers to be obscene, lewd, lascivious, filthy, excessively violent, harassing, or otherwise
7  objectionable, whether or not such material is constitutionally protected." 47 U.S.C. § 230(c)(2).
8  This Court and others consistently have held that "§ 230 provides a 'robust' immunity, *Carafano*
9  *v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1123 (9th Cir. 2003), and that all doubts 'must be
10 resolved in favor of immunity.'" *Goddard v. Google, Inc.*, 2008 WL 5245490 at *2 (N.D. Cal
11 2008) (quoting *Fair Housing Council v. Roommates.com, LLC*, 521 F.3d 1157, 1174 (9th Cir.
12 2008)).
13        Holomaxx points out that in *Zango v. Kaspersky Lab, Inc.*, 568 F.3d 1169 (9th Cir.
14 2009), Judge Fisher expressed concern that "a blocking software provider might abuse that
15 immunity to block content for anticompetitive purposes or merely at its malicious whim, under
16 the cover of considering such material 'otherwise objectionable.'" *Id.* at 1178.  However, it
17 remains true that § 230(c)(2) "'allows [an interactive service provider] to establish standards of
18 decency without risking liability for doing so.'" *Goddard*, 2008 WL 5245490 at *6 (quoting
19 *Green v. AOL*, 318 F.3d 465, 472 (3d Cir. 2002)).  Indeed, the good faith immunity is focused
20 upon the provider's subjective intent. *e360 Insight, LLC v. Comcast Corp.*, 546 F. Supp. 2d 605,
21 608 (N.D. Ill. 2008).
22        While Microsoft stopped blocking Holomaxx's emails in April 2010, that fact alone is
23 insufficient to support a reasonable inference that Microsoft acted in bad faith when it decided to
24 resume blocking Holomaxx's emails in June 2010.  Because Holomaxx threatened Microsoft
25 with legal action, it is reasonable to assume that Microsoft stopped blocking Holomaxx's emails
26 in response to the threat of litigation.  The fact that Microsoft later resumed blocking the emails
27 says nothing about Microsoft's motives.  Nor does Holomaxx identify an industry standard that
28 Microsoft allegedly failed to follow.  While the Messaging Anti-Abuse Working Group

("MAAWG") has promulgated certain guidelines; the FAC contains no facts supporting Holomaxx's claim that these guidelines amount to an industry standard. The Court once again concludes that even under the liberal standard of Rule 12(b)(6), Holomaxx has not overcome Microsoft's immunity from Holomaxx's claims for computer fraud, intentional interference with contract, intentional interference with prospective business advantage, and wiretapping/eavesdropping.

**B. Other Claims**

   **1. Wiretap Act**

The Wiretap Act 18 U.S.C. § 2511(2)(a)(i) grants immunity to an operator of an electronic communication service that is "engaged in any activity which is a necessary incident to the rendition of his service or to the protection of the rights or property of the provider of that service." Microsoft contends that once again Holomaxx has not alleged sufficiently that Microsoft intercepted any electronic communications. Microsoft relies on *Crowley v. Cybersource Corp.*, 166 F. Supp. 2d 1263, 1269 (N.D. Cal. 2001) for the proposition that computers cannot be an interception device under the Wiretap Act. Microsoft also contends that accessing stored emails is not an interception under the Wiretap Act because the stored emails already have been transmitted. *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002).

Holomaxx argues that § 2511(2)(a)(i) immunity does not apply to artificial persons, such as Microsoft, and that in any event it has alleged interception sufficiently. However, it cites to no legal authority to support its position. Despite an opportunity to amend, Holomaxx still has not "explain[ed] how Microsoft 'intercepted' its communications or 'used and disclosed' the contents of those communications." Order at 10.

   **2. Stored Communications Act**

The Stored Communications Act 18 U.S.C. § 2701(c)(1) grants immunity for "conduct authorized... by the person or entity providing a wire or electronic service." Microsoft argues that in light of *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107 (3d Cir. 2003), "'[s]ervice providers [may] do as they wish when it comes to accessing communications in electronic storage.'" *Id.* at

5


115. It also asserts that Holomaxx cannot allege that any facilities or communications were accessed other than the emails that were stored on Yahoo!'s own servers.

Holomaxx contends that Microsoft exceeded its legitimate authority by searching emails for non-legitimate reasons. According to Holomaxx, Microsoft's users have a reasonable expectation of privacy in their emails, and they never authorized Microsoft to access and block all of Holomaxx's emails to further Microsoft's own anti-competitive interests. Once again, however, Holomaxx does not cite any authority to support its position. It still has not "explain[ed] what facility or communication were accessed, or by whom, or how the alleged access exceeded a particular authorization." Order at 11.

### 3. California Business and Professions Code § 17200

Microsoft asserts that Holomaxx has failed to plead any facts that would satisfy the "unfair" or "unlawful" prong of California Unfair Competition Law. Mot. to Dismiss at 24-25. In particular, it contends that Holomaxx has failed to allege any facts sufficient to show that any of Microsoft's conduct was unlawful, or fraudulent. Microsoft asserts that its email filtering system cannot be "unfair" because the system operates in a manner that is consistent with the legislative intent underlying the CDA.

Holomaxx claims that Microsoft "threatened and prevented fair and honest competition for internet advertising services by shutting Holomaxx out of the marketplace, thereby violating the spirit of antitrust laws." Opp'n at 25. However, the fact that Holomaxx may have lost money as a result of vigorous competition, without more, is insufficient to show an antitrust violation or unfair competition.

# IV.  ORDER

Good cause therefor appearing, the motion is GRANTED.  Because its previous order gave Holomaxx specific direction with respect to requirements of a viable amended complaint, the Court concludes that further leave to amend is not warranted.  The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATE:  8/23/2011

_____
JEREMY FOGEL
United States District Judge